IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERNEST BURTON )
)
v. ) NO: 3:13-0100
)
JEWEL STEELE, et al. )

TO: Honorable Aleta A. Trauger, District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered February 12, 2013 (Docket Entry No. 2), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 22) filed by Defendant David Seahorn. The plaintiff has not responded to the motion in any manner.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] By Order entered September 17, 2013 (Docket Entry No. 23), the plaintiff was notified of the motion and given a deadline of November 1, 2013, to file a response. The docket reflects that the return receipt card for the copy of the order mailed to the plaintiff by certified mail was signed for by "Ernest Burton" on September 20, 2013. See Docket Entry No. 25.

## I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the DeBerry Special Needs Facility ("DSNF") in Nashville, Tennessee. He filed this action pro se and in forma pauperis on February 7, 2013, seeking damages, as well as declaratory and injunctive relief, under 42 U.S.C. § 1983 for violations of his federal constitutional rights alleged to have occurred at the DSNF in 2011 and 2012. Although the plaintiff named multiple defendants in his Complaint (Docket Entry No. 1), the Court, pursuant to review under 28 U.S.C. §§ 1915(A)(b) and 1915(e)(2), dismissed all defendants from the action except for David Seahorn, a physician's assistant at DSNF. See Order entered February 12, 2013 (Docket Entry No. 3), at 2-3. Defendant Seahorn filed an answer (Docket Entry No. 9), and a scheduling order (Docket Entry No. 10) was entered setting out deadlines for pretrial activity in the action.

The plaintiff's lawsuit is based on allegations that he was denied adequate medical care by Defendant Seahorn. On or about December 15, 2011, the plaintiff was transferred to the DSNF from the Northeast Correctional Complex after medical testing indicated that he was suffering from colon cancer. See Complaint, at 4-5. The plaintiff asserts that he also suffers from a variety of other medical ailments, including arthritis, carpal tunnel syndrome, torn rotator cuffs, damaged knees, and chronic pain. Id. at 7. He alleges that, for 60 days after being transferred to the DSNF, he was kept in the transit unit and was not seen by a doctor despite being in "continuous and agonizing pain." Id. at 5. He contends that, during March and April 2012, he had to wait lengthy periods of time before being seen by a doctor and continued to suffer from pain that went untreated despite his complaints. Id. at 5-6. The plaintiff asserts that he underwent surgery on May 22, 2012, to have his cancer removed and was returned to the DSNF on May 29, 2012, where he was unnecessarily kept

2

isolated in the health center until June 12, 2012, instead of being returned to his housing unit. Id. The plaintiff alleges that during a sick call examination on June 20, 2012, Defendant Seahorn refused to prescribe pain medication for the plaintiff despite the plaintiff's complaints of pain. Id. The plaintiff also contends that the surgeon who operated on him stated that the delay in scheduling the surgery would require that the plaintiff undergo chemotherapy. Id. The plaintiff asserts that he continues to suffer excruciating pain. Id.

In his motion for summary judgment, Defendant Seahorn argues that the undisputed evidence shows that the plaintiff was provided with constant and extensive medical care and treatment for his colon cancer, as well as for his other medical problems, at the DSNF and that there is no factual basis for a claim that Seahorn acted with deliberate indifference toward the plaintiff with respect to any serious medical need. The Defendant supports his motion with his own affidavit (Docket Entry No. 22-2) and with certified copies of the plaintiff's medical records (Docket Entry Nos. 22-3 through 22-5).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is

3

Case 3:13-cv-00100 Document 26 Filed 11/21/13 Page 3 of 9 PageID #: 220

appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the

4

party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. CONCLUSIONS

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001).

To satisfy the objective component, the plaintiff must show that he had a "sufficiently serious" medical need. Comstock, 273 F.3d at 703. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 897 (6th Cir. 2004). For the subjective component, the plaintiff must demonstrate that the defendant had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the plaintiff's serious medical need. Farmer, 511 U.S. at 834. Although this standard does not require a showing that the defendant acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. Comstock, supra. See Estelle, 429 U.S. at 105, 97 S.Ct. 285 ("[A]n inadvertent failure to provide adequate medical care cannot be said

5

to constitute" a violation of the Eighth Amendment). The plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. See also Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").

After review of the record before the Court, the Court finds that summary judgment should be granted to Defendant Seahorn. Even if the Court finds that the objective element of the plaintiff's claim is satisfied because he suffered from a serious medical need, there is insufficient evidence before the Court to raise a genuine issue of material fact on the issue of deliberate indifference on the part of Defendant Seahorn.

The plaintiff has not responded to the Defendant's motion for summary judgment, rebutted the Defendant's evidence, or supported his claim with any actual evidence. The Defendant sets forth affirmative evidence in the form of an affidavit and certified medical records that show that the plaintiff received numerous examinations and evaluations by medical care providers, had laboratory tests, cardiac tests, colonoscopies, and CT scans performed, was regularly provided with pain and other medications, was sent for outside medical consultations, and ultimately had surgery to remove the cancerous tumor. See Docket Entry Nos. 22-2 to 22-6. Contrary to the plaintiff's allegations, the Defendant's evidence shows that the plaintiff received a variety of medical treatments while held in the transit unit at ths DSNF and shows that he received pain medications and examinations by

physicians from the time he arrived at the DSNF to the time of his surgery and beyond. See Docket Entry No. 22-2, at 2-4. This evidence also shows that he was provided with several months of follow-up treatment subsequent to his surgery which confirmed that the cancer had been removed and that he had no residual cancer. Id. at 5-6. There is no evidence in the record showing that any type of chemotherapy was required. This undisputed evidence clearly shows that the plaintiff's medical issues were not ignored or treated with indifference and that he was provided with a regular and appropriate course of treatment at the DSNF. The allegations made by the plaintiff in his unsworn complaint are simply unsupported by any evidence in the record and are, in fact, contradicted by the record that is before the Court.

Based upon the Defendant's unrebutted evidence, no reasonable jury could find that Defendant Seahorn treated the plaintiff with deliberate indifference with respect to his medical needs as is required for a constitutional claim. See Farmer; supra; Estelle, supra. At best, the plaintiff's claim essentially amounts to a personal displeasure with the adequacy of the treatment he received. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not even come close to supporting such a conclusion. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724

7

(6th Cir. 1985). Although the care the plaintiff received at the DSNF may not have been the same as he might have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978).

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff has failed to satisfy this burden, and summary judgment should be granted to Defendant Seahorn.

## RECOMMENDATION

The Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 22) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's

Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                Respectfully submitted,

                JULIET GRIFFIN
                United States Magistrate Judge